1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

FEKADU TEFERI,

          Petitioner,

          v.

PEOPLE OF THE STATE OF CALIFORNIA,

          Respondent.

Case No. CV 16-6067 SJO (MRW)

**ORDER DISMISSING HABEAS ACTION**

      The Court summarily dismisses this habeas action without prejudice for: (a) failure to state a cognizable claim; and (b) failure to exhaust.

* * *

      This is a habeas action involving a state prisoner.  In April 2012, Petitioner pled nolo contendere to a theft charge.  The trial court sentenced Petitioner to a term of two years in state prison.  (Docket # 1 at 2.)  Petitioner did not appeal his conviction or sentence.  Instead, in July 2012, he filed a habeas petition in the state supreme court.  The petition included statements regarding the RICO Act, murder,

1    and the Titles of Nobility Act.  (Docket # 1 at 8.)  The supreme court recently

2    denied relief without comment.  (Docket # 10 at 4.)

3          Petitioner filed this federal action in August 2016.  His federal claims were a

4    rambling set of allegations of treason (based on Abraham Lincoln's imposition of

5    martial law during the Civil War), a criminal organization involving the courts, the

6    prosecutors, and a mental health facility, and allegations of fraud involving

7    Petitioner's "legal constructive trust."  (Docket # 1 at 5-6.)  Notably, Petitioner

8    identified no constitutional violation or any serious federal legal claim related to

9    his conviction or sentence.

10         Magistrate Judge Wilner reviewed the petition shortly after its filing.

11   (Docket # 4.)  Judge Wilner observed that Petitioner allegations were

12   "unintelligible and do not raise understandable legal claims" that are cognizable on

13   federal habeas review.  The Court further noted Petitioner's apparent failure to

14   exhaust his claims in state court and the likely waiver of claims resulting his nolo

15   contendere plea.  Judge Wilner directed Petitioner to submit a supplemental

16   statement explaining why Petitioner was entitled to proceed with his federal action.

17         Petitioner responded to the order by filing amended petition.  (Docket # 10.)

18   The amended petition augmented the previous claims to some extent.  Petitioner

19   stated that he was a "sovereign individual" and a corporation who had been

20   criminally charged after competency proceedings.  (Docket # 10 at 5, 9-21.)

21                                    * * *

22         1.     If it "appears from the application that the applicant or person

23   detained is not entitled" to habeas relief, a court may dismiss a habeas action

24   without ordering service on the responding party.  28 U.S.C. § 2243; see

25   also Rule 4 of Rules Governing Section 2254 Cases in United States District

26   Courts (petition may be summarily dismissed if petitioner plainly not entitled to

27   relief); Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for

28

1  summary dismissal to district judge "if it plainly appears from the face of the

2  petition [ ] that the petitioner is not entitled to relief").

3        2.      In order for a state prisoner to obtain habeas relief in federal court, he

4  must properly allege that the decisions of the state court "(1) resulted in a decision

5  that was contrary to, or involved an unreasonable application of, clearly established

6  Federal law, as determined by the Supreme Court of the United States; or

7  (2) resulted in a decision that was based on an unreasonable determination of the

8  facts in light of the evidence presented in the State court proceeding."  28 U.S.C.

9  § 2254(d).

10       Under AEDPA, the federal law that governs habeas petitions filed by state

11  inmates, a petitioner must exhaust all claims as a prerequisite to a federal court's

12  consideration of a habeas corpus petition.  28 U.S.C. § 2254(b)(1)(A).  A habeas

13  claim will be exhausted when a prisoner fairly presents the claim to the state's

14  highest court for consideration.  Rose v. Lundy, 455 U.S. 509 (1982).

15       "Mere general appeals to broad constitutional principles, such as

16  due process, equal protection, and the right to a fair trial, do not establish

17  exhaustion."  Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005).  A claim is

18  not exhausted by "a petitioner's mention, in passing, of a broad constitutional

19  concept, such as due process."  Fields v. Waddington, 401 F.3d 1018, 1021 (9th

20  Cir. 2005).  A "conclusory, scattershot citation of federal constitutional provisions,

21  divorced from any articulated federal legal theory," will not adequately inform a

22  state court that a federal constitutional claim is before it.  Castillo, 399 F.3d at

23  1002.

24       3.      Petitioner failed to state or exhaust a cognizable claim that this Court

25  may take up on habeas review.  The bizarre description of his claims – "treason,"

26  "attempted murder," and RICO Act violations — obviously does not set forth any

27  comprehensible constitutional violation.  Castillo, 399 F.3d at 1003.  As a result,

28

1   Petitioner has not fairly presented or exhausted his claims in the state court system.

2   Rose, 455 U.S. at 509.  The action should be dismissed for failure to state a claim

3   that can lead to relief.

4          4.      Moreover, it is apparent from the face of the petition that Petitioner is

5   not entitled to habeas relief based on his guilty / nolo contendere plea.  A

6   defendant who pleads guilty to a criminal charge "may not thereafter raise

7   independent claims relating to the deprivation of constitutional rights" on habeas

8   review.  Tollett v. Henderson, 411 U.S. 258, 267 (1973).  The principle that a

9   guilty plea bars further constitutional review applies to defendants who enter a no

10  contest plea to a charge.  Ortberg v. Moody, 961 F.2d 135, 137-38 (9th Cir. 1992)

11  ("Petitioner's nolo contendere plea precludes him from challenging alleged

12  constitutional violations that occurred prior to the entry of that plea.").

13         Other than a limited review of whether a plea was voluntary or intelligent –

14  a claim that Petitioner pointedly does not make here – courts regularly dismiss

15  habeas action from prisoners based on Tollett.  See, e.g., Fernandez v. Dept't of

16  Corrections, No. ED CV 12-1061 SJO (FFM), 2013 WL 1090419 (C.D. Cal. 2013)

17  ("Petitioner's no contest plea precludes any due process challenge to the factual

18  basis of her conviction.  Accordingly, Petitioner is not entitled to habeas relief on

19  this claim.").  Petitioner's nolo contendere plea in the present case prevents this

20  Court from hearing any of the claims from his criminal conviction.

21                                           * * *

22

23

24

25

26

27

28

The Court concludes that Petitioner's habeas filings fail to state a cognizable federal claim that he properly exhausted in the state courts.  As a result, the Court summarily dismisses the action without prejudice.

IT IS SO ORDERED.

Dated:  October 5, 2016.

_____
HON. S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE